IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| B.T., by and through his mother and next friend, M.T., | ) CIVIL NO. 10-00754 JMS-KSC ) ) FINDINGS AND |
| Plaintiff, | ) RECOMMENDATION TO GRANT IN ) PART AND DENY IN PART ) PLAINTIFF'S NONHEARING |
| vs. | ) MOTION FOR AWARD OF ) ATTORNEY'S FEES AND COSTS |
| DEPARTMENT OF EDUCATION, STATE OF HAWAI'I, | ) ) ) |
| Defendant. | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY
IN PART PLAINTIFF'S NONHEARING MOTION FOR AWARD OF
ATTORNEY'S FEES AND COSTS

On May 13, 2011, Plaintiff B.T., by and through

his mother and next friend, M.T. ("Plaintiff"), filed a

Nonhearing Motion for Award of Attorney's Fees and

Costs ("Motion").[1] On May 23, 2011, Plaintiff filed a

Statement of Consultation ("SOC"). Defendant

Department of Education, State of Hawaii ("Defendant")

filed an Opposition on June 6, 2011. Plaintiff filed a

Reply on June 15, 2011.

_____

[1] Although Plaintiff has titled his Motion as one
for fees and costs, he only requests an award of
attorneys' fees.

The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"). After reviewing the parties' submissions and the relevant case law, the Court FINDS and RECOMMENDS that the Motion be GRANTED IN PART and DENIED IN PART, and that Plaintiff be awarded $31,162.50 in attorneys' fees.

BACKGROUND

Plaintiff commenced this action to recover attorneys' fees and costs under the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1415 et seq., having prevailed at the administrative level.

On January 31, 2008, Plaintiff requested an impartial due process hearing ("AH-1"). On July 2, 2008, Plaintiff requested another impartial due process hearing ("AH-2"). The two requests were consolidated for the purposes of hearing.

On January 14, 2009, a Findings of Fact,
Conclusions of Law and Decision issued in each case.
Plaintiff prevailed in AH-1.  The decision became final
because no appeal was taken.  Plaintiff seeks
attorneys' fees incurred in connection with AH-1.

With respect to AH-2, the Office of
Administrative Hearing concluded that Plaintiff had not
established by a preponderance of the evidence
entitlement to an award of compensatory education.
Plaintiff appealed the decision to this Court, Civil
No. 09-00059 DAE-BMK.  The appeal was consolidated with
Civil No. 08-00356 DAE-BMK, another case pending in
U.S. District Court.

In Civil No. 08-00356 DAE-BMK, on December 17,
2009, U.S. District Judge David Alan Ezra issued an
Order: (1) Reversing in Part the Administrative Hearing
Officer's Findings of Fact, Conclusions of Law and
Decision; and (2) Remanding to the Hearing Officer on
the Issue of Compensatory Education.  Plaintiff then
sought attorneys' fees.  Judge Ezra adopted U.S.
Magistrate Judge Barry Kurren's recommendation that

Plaintiff be awarded $80,286.50[2] in attorneys' fees.

DISCUSSION

A.  Entitlement to Attorneys' Fees

Plaintiff argues that, having prevailed at the administrative level, he is entitled to $31,465.00 in attorneys' fees.  Section 1415 of Title 20 of the U.S. Code provides:  "In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability."  20 U.S.C. § 1415(i)(3)(B)(i)(I). To be considered a "prevailing party" for attorneys' fees purposes, "a plaintiff must not only achieve some 'material alteration of the legal relationship of the parties,' but that change must also be judicially sanctioned."  Shapiro ex rel. Shapiro v. Paradise Valley Unified, 374 F.3d 857, 865 (9th Cir. 2004) (quoting Roberson v. Giuliani, 346 F.3d 75, 79 (2d Cir. 2003)) (quotations omitted).

_____

[2]  Of this, $5,197.50 was for work related to AH-2.

Defendant does not dispute Plaintiff's prevailing party status nor that Plaintiff is entitled to attorneys' fees and costs incurred in connection with AH-1. There being no opposition to Plaintiff's prevailing party status, and given the fact that Plaintiff obtained a favorable decision in the administrative action that materially altered the parties' legal relationship, the Court finds that Plaintiff is the prevailing party. Therefore, all that remains for the Court to determine is the reasonableness of Plaintiff's request for fees.

B.    Calculation of Fees

Plaintiff requests the following attorneys' fees:

| NAME | HOURS | RATE | TOTAL |
|------|-------|------|-------|
| Matthew Bassett | 108.6 | $275.00 | $29,865.00 |
| Matthew Bassett | 16 | $100.00 | $1,600.00 |
| TOTALS | 124.6 | | $31,465.00 |

Under federal law, reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).  The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  Hensley, 461 U.S. at 433. Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not already been subsumed in the lodestar calculation.  See Fischer, 214 F.3d at 1119 (citation omitted).

The factors articulated by the Ninth Circuit in Kerr are as follows:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time

> limitations imposed by the client or the
> circumstances, (8) the amount involved and
> the results obtained, (9) the experience,
> reputation, and ability of the attorneys,
> (10) the "undesirability" of the case,
> (11) the nature and length of the
> professional relationship with the client,
> and (12) awards in similar cases.

Kerr, 526 F.2d at 70. Factors one through five have been subsumed in the lodestar calculation. See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996). Further, the Ninth Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent, may not be considered in the lodestar calculation. See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993). Once calculated, the "lodestar" is presumptively reasonable. See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

7

1.  <u>Reasonable Hourly Rate</u>

In determining the reasonableness of an hourly rate, the experience, skill, and reputation of the attorney requesting fees are taken into account.  <u>See</u> <u>Webb v. Ada County</u>, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  <u>See</u> <u>id.</u>; <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1405 (9th Cir. 1992), <u>as amended on denial of reh'g</u>, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"); 20 U.S.C. § 1415 ("Fees awarded under this paragraph shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished.").  It is the burden of the fee applicant to produce satisfactory evidence, in addition to an affidavit from the fee applicant, demonstrating that the requested hourly rate reflects prevailing community rates for similar services.  <u>See</u> <u>Jordan v. Multnomah County</u>, 815 F.2d 1258, 1263 (9th Cir. 1987).

Plaintiff requests an hourly rate of $275.00 for his counsel, Matthew Bassett, and with respect to travel time, an hourly rate of $100.00. Insofar as the Court has previously deemed reasonable a rate of $275.00 for Mr. Bassett, B.T. ex rel. Mary T. v. Dep't of Educ., Hawaii, Civ. Nos. 08-00356 DAE-BMK, 09-00059 DAE-BMK, 2010 WL 1644989, at *9 (D. Haw. Apr. 2, 2011), and Defendant does not dispute the $275.00 hourly rate, the Court turns to the reasonableness of the hours expended in the administrative action.[3]

2. Hours Reasonably Expended

Beyond establishing a reasonable hourly rate, a prevailing party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained. See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted). The court must

---

[3] Defendant does not specifically challenge the requested $100.00 hourly rate, but argues that none of Mr. Bassett's travel time should be recoverable. The Court will address this argument below.

guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  See Tirona, 821 F. Supp. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987), cert. denied, 484 U.S. 927 (1987)).  This Court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case."  Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

Plaintiff submits that Mr. Bassett expended 108.6 hours on the case, and 16 hours for travel time. Defendant challenges that Plaintiff is only entitled to recover $15,592.50, which represents three times the amount he was awarded in attorneys' fees for AH-2. Alternatively, Defendant raises specific objections to the billing entries, each of which the Court will

address below.

     a.  <u>Calculation of Fee Award Based on Previous</u>
        <u>Fee Award in AH-2</u>

It is Defendant's position that an appropriate fee award is $15,592.50, given the previous award of $5,197.50, which represents 25% of the work completed on the two administrative proceedings. Defendant believes that $15,592.50 (or three times $5,197.50) represents 75% of the work completed on the two administrative proceedings.

In his Reply, Plaintiff clarifies that the majority of Mr. Bassett's time was committed to the preparation of AH-1. Mr. Bassett likewise completed tasks solely in connection with AH-2. In such cases, he did not apportion time in his invoices. For those entries pertaining to both AH-1 and AH-2, Mr. Bassett apportioned 25% of his time to AH-2 and 75% of his time to AH-1.

The Court declines to adopt Defendant's calculation of fees based on the 25%/75% apportionment employed by Mr. Bassett. In view of Plaintiff's

11

explanation in his Reply, and the Court's careful review of Exhibit B, it appears that certain time entries related to both AH-1 and AH-2, while others related solely to AH-1.  As a result, simply multiplying the fees awarded for AH-2 by three would not accurately reflect the time expended in connection with AH-1.  Defendant's argument that the attorneys' fee award be limited to three times that awarded for AH-2 is flawed in that it fails to take into account the time Mr. Bassett spent solely on AH-1. Accordingly, the Court will not limit Plaintiff's attorneys' fees to $15,592.50.

The Court shall now consider the other objections raised by Defendant.

### b.  Due Process Hearing Attendance

Defendant contends that the Court should reduce the time Mr. Bassett spent attending the four days of Due Process Hearings by 2 hours.  Defendant proffers that because the total hearing time was 15.6 hours, according to the transcripts, and Plaintiff was already

awarded fees for 8 hours of Mr. Bassett's time, that Plaintiff is only entitled to an additional 7.6 hours of time for attending the hearings. Plaintiff concedes 1 hour, but counters that Mr. Bassett did not overbill.

The Court shall deduct 1 hour from Mr. Bassett's billings. Although the hearings lasted for a total of 15.6 hours, it is unreasonable and inconsistent with the practice of this Court to limit counsel's billings for attending a hearing to that of the precise duration of the hearing as noted on the transcripts/minutes. As here, it is reasonable to allow for the time counsel spent at the hearing, even if the billed time slightly exceeds the official duration of the hearing as noted on the transcript.

c. <u>Travel Time</u>

Defendant asks that the Court decline to award Plaintiff's requested fees for Mr. Bassett's travel time because his office was located in Honolulu at the time. Plaintiff argues that Mr. Bassett's office is on Maui and that travel to Oahu was necessary. The Court

agrees.

The fact that the Hawaii Disability Rights Center is located on Oahu does not change the nature of Mr. Bassett's travel. The Hawaii Disability Rights Center's website indicates that Mr. Bassett is an attorney on Maui.[4] Thus, the 16 hours of travel time related to the four days of Due Process Hearings was case-related round-trip travel from Maui to Oahu. This Court has awarded counsel reasonable travel time for case-related travel to and from the other islands or the mainland. Melodee H. ex rel. Kelii H. v. Dep't of Educ., Civ. No. 07-00256 HG-LEK, 2008 WL 4344701, at * 12 (D. Haw. Sept. 23, 2008); see also Apana v. TIG Ins. Co., Civ. No. 06-00653 JMS-LEK, 2008 WL 3891887, at *8 (D. Haw. Aug. 22, 2008); Goray v. Unifund CCR Partners, Civ. No. 06-00214 HG-LEK, 2008 WL 2404551, at *6 (D. Haw. June 13, 2008). Indeed, Judge Kurren recently found compensable Mr. Bassett's travel time. D.S. ex rel. Clarenore S. v. Dep't of Educ., No. CV.

---

[4] http://www.hawaiidisabilityrights.org.

14

10-00053 BMK, 2011 WL 2223629, at *4 (D. Haw. June 6, 2011).  The Court accordingly finds that the 16 hours requested by Plaintiff is reasonable.

    d.  Clerical Tasks

    Defendant objects to three tasks as clerical -
1) 9/17/08 entry "Update file"; 2) 8/3/10 entry "Draft/prepare Billing Statement and Timesheet"; and 3) 8/3/10 entry "Draft attorney fee demand letter to AG Miyasaka."

    "[C]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate."  Jeremiah B. v. Dep't of Educ., Civil No. 09-00262 DAE-LEK, 2010 WL 346454, at *5 (D. Haw. Jan. 29, 2010) (citing Sheffer, 290 F. Supp. 2d at 549).  Tasks such as reviewing Court-generated notices, notifying clients of court hearings, filing documents with the Court, communication with court staff, scheduling, and corresponding regarding deadlines, are clerical and not compensable.  Id.; Nicholas M. ex rel. Laura M. v. Dep't of Educ., Hawaii, Civ. No. 09-00162

HG-LEK, 2010 WL 234862, at *5 (D. Haw. Jan. 21, 2010);
Hawaii Carpenters Trust Funds v. Cosier Const., Inc.,
Civil No. CV 08-00442 SOM-LEK, 2009 WL 291188, at *3
(D. Haw. Feb. 03, 2009); Bandalan v. Castle & Cooke
Resorts, LLC, Civil No. 07-00591 DAE-LEK, 2009 WL
1955328, at *5 (D. Haw. June 30, 2009); Young v. Geico
Indem. Co., Civ. No. 08-00171 JMS/KSC, 2009 WL 3049640,
at *8 (D. Haw. Sept. 23, 2009).

Here, the Court finds that preparing billing
statements and timesheets and drafting a demand letter
are not clerical tasks. It is reasonable for an
attorney to complete said tasks. Although updating a
file could be clerical, depending on the nature of the
update, the Court cannot make a determination given the
inadequacy of the description. Local Rule 54.3(d)(2)
requires that the "party seeking an award of fees must
describe adequately the services rendered, so that the
reasonableness of the requested fees can be evaluated."
Local Rule 54.3(d)(2). Because the Court cannot
ascertain whether Mr. Bassett's updating of files was

clerical, it will not deem the 0.1 hours associated therewith to be clerical.  However, the Court will deduct 0.1 hours inasmuch as Mr. Bassett did not adequately describe the services rendered on 9/17/08.

     e.  <u>Block Billing</u>

Finally, Defendant challenges three billings on the grounds that the entries are block billed: 1) the second entry for 9/15/08, which describes a telephone call by Mr. Bassett to his client, and the review of the chronology of the case; 2) the first entry for 9/17/08, which describes a meeting with Attorney J. Dellera, the purpose thereof, and indicates that Mr. Bassett reviewed a document for placement issues; and 3) the third entry for 9/18/08, which discusses a telephone call with the client and revisions of a document.  Mot., Ex. B at 2.  Defendant argues that Mr. Bassett has described two separate and distinct tasks for each of the foregoing entries, and in so doing, has block billed.  Mr. Bassett clarifies that the respective entries do not reflect the billing of

multiple tasks within one time entry, but describe all
of the points of discussion within a single event,
i.e., telephone call, meeting.

"The term 'block billing' refers to the time-
keeping method by which each lawyer and legal assistant
enters the total daily time spent working on a case,
rather than itemizing the time expended on specific
tasks." <u>Robinson v. City of Edmond</u>, 160 F.3d 1275,
1284 n.9 (10th Cir. 1998) (citations and quotation
marks omitted). Block billing entries generally fail
to specify a breakdown of the time spent on each task.

District courts have the authority to reduce
hours that are billed in block format because such a
billing style makes it difficult for courts to
ascertain how much time counsel expended on specified
tasks. <u>Welch v. Metropolitan Life Ins. Co.</u>, 480 F.3d
942, 948 (9th Cir. 2007). <u>See</u> <u>also</u> <u>id.</u> (citing <u>Role</u>
<u>Models Am., Inc. v. Brownlee</u>, 353 F.3d 962, 971 (D.C.
Cir. 2004) (reducing requested hours because counsel's
practice of block billing "lump[ed] together multiple

18

tasks, making it impossible to evaluate their reasonableness"); see also Hensley, 461 U.S. at 437 (holding that applicant should "maintain billing time records in a manner that will enable a reviewing court to identify distinct claims")).

The Court is satisfied with Mr. Bassett's explanation of his time entries and finds that he did not block bill.  Even if the disputed entries were in fact block billed, the Court would, at most, deduct a percentage of said entries,[5] not all hours related to those entries, as requested by Defendant.

C.  Total Fee Award

Based on the foregoing, the Court recommends

_____

[5]  See, e.g., Shahata v. W Steak Waikiki, LLC, Civil No. 09-00231 ACK-KSC, 2010 WL 5559320, at *8 (D. Haw. Nov. 29, 2010) (imposing "an across-the-board reduction of 15% as to the entries that are in the 'block billing' format"), adopted by 2011 WL 63592 (D. Haw. Jan. 6, 2011); Sound v. Koller, Civil No. 09-00409, 2010 WL 1992198 (D. Haw. Mar. 5, 2010) (same), aff'd by 2010 WL 1992194 (D. Haw. May 19, 2010); Black v. City, County of Honolulu, Civil No. 07-00299 DAE-LEK, 2010 WL 653026, at *15 (D. Haw. Feb. 22, 2010) (noting the court's authority to impose a percentage reduction because of counsel's use of block billing).

that Mr. Bassett's hours be reduced by 1.1, and finds that Plaintiff has established that he is entitled to the following attorneys' fees:

| **NAME** | **HOURS** | **RATE** | **TOTAL** |
|---|---|---|---|
| Matthew Bassett | 107.5 | $275.00 | $29,562.50 |
| Matthew Bassett | 16 | $100.00 | $1,600.00 |
| **TOTALS** | 123.5 | | $31,162.50 |

The Court declines to adjust this amount based on the Kerr factors.

CONCLUSION

In accordance with the foregoing, this Court FINDS and RECOMMENDS that Plaintiff's Nonhearing Motion for Award of Attorney's Fees and Costs be GRANTED IN PART and DENIED IN PART. The Court recommends that the district court award Plaintiff **$31,162.50** in attorneys' fees.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, June 27, 2011.



_____
Kevin S.C. Chang
United States Magistrate Judge

B.T., by and through his mother and next friend, M.T. v.
DEPARTMENT OF EDUCATION, STATE OF HAWAII; CIVIL NO. 10-00754 JMS-
KSC; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN
PART PLAINTIFF'S NONHEARING MOTION FOR AWARD OF ATTORNEY'S FEES
AND COSTS